IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LILI WAN,                               )
                                        )
                Plaintiff,              )
                                        )
        v.                              )   C.A. No. 22-1206 (JLH)
                                        )
CENTRAL TRANSPORT LLC,                  )
                                        )
                Defendant.              )

## <u>MEMORANDUM OPINION</u>

Lili Wan, Wilmington, Delaware, Pro Se Plaintiff.

Joelle Florax, Esq., Rawle & Henderson LLC, Wilmington, Delaware.  Counsel for Defendant.

March 4, 2024
Wilmington, Delaware

HALL, U.S. District Judge:

## I.   **INTRODUCTION**

On August 24, 2022, Plaintiff Lili Wan, proceeding *pro se*, filed this negligence lawsuit in the Superior Court of Delaware against Defendant Central Transport LLC. (D.I. 1-1.[1]) Defendant removed to this Court. (D.I. 1.) Before the Court is Defendant's motion for summary judgment, filed on December 21, 2023. (D.I. 46.) The motion is fully briefed. Also before the Court are several unresolved discovery motions related to the parties' failure to agree on terms regarding Plaintiff's independent medical examination and deposition. (D.I. 36, 38, 42.) The matter was recently reassigned to me, and I now resolve all pending motions as set forth below.

## II.   **BACKGROUND**

In her Complaint, Plaintiff alleges that she was injured on November 29, 2021, while working for non-party DB Logistics USA Inc. (D.I. 1-1 at 2.)   Plaintiff alleges that, after Defendant's truck arrived to pick up goods, she "came into the truck to operate the dock leveler with an actuation handle as usual," but while she "was lifting the dock leveler plate with the handle, [Defendant's] driver, without prior communication or alert, suddenly and recklessly stepped on the plate." (*Id.*)   Plaintiff alleges that the driver's "stepping caused [her] to immediately lose balance, the handle flew off, and [she] fell on [her] back, hitting the back of [her] head on the floor inside the truck." (*Id.*)   Plaintiff alleges that she suffered a concussion, that she currently suffers from permanent injuries, and that she has been deemed "totally disabled by various neurologists." (*Id.* at 2–3.)

---

[1] Plaintiff's papers refer to "Central Transport, Inc.," but Defendant refers to itself as Central Transport LLC. (*See* D.I. 4.)

Before the case was reassigned to me, the parties had discovery disputes relating to Plaintiff not completing her deposition (after she walked out) and Plaintiff not submitting to an independent medical examination. The Court granted Defendant's motion to compel Plaintiff to attend both. (D.I. 32.) The same or similar issues continued to arise between the parties, and Defendant filed three more motions that remain pending: a motion to set the parameters of Plaintiff's deposition (D.I. 36); a motion to preclude Plaintiff from testifying at trial in this matter and for sanctions for failing to appear at the court-ordered medical examination (D.I. 38); and a motion for clarification of the parameters of Plaintiff's court-ordered continuation of her deposition (D.I. 42). In addition to requesting that the Court resolve the parties' continued discovery disputes, Defendant seeks monetary sanctions based on Plaintiff's failure to appear twice for independent medical examinations that had been scheduled by Defendant, and for which Defendant was billed. (D.I. 38 at 5.)

In its motion for summary judgment, Defendant asserts that Plaintiff has produced no evidence to support any liability theory, has produced no evidence of causation or provided any support of her damage claim, and has stated in discovery responses that she will not present any experts at trial. (D.I. 47.) Defendant further points out that Plaintiff's theory of causation in this case is contradictory to her theory of causation in a different case she filed against her non-party employer, in which she alleges that the injuries she suffered on November 29, 2021, were the result of her employer's intentional failure to repair a malfunctioning leveler. *See Wan v. Dong*, C.A. No. 23-23-JLH, D.I. 2, 28 (D. Del.). Plaintiff's one-page, unsworn response in opposition to Defendant's motion for summary judgment recites some of the allegations from her Complaint. (D.I. 48.)

2

### III.   **LEGAL STANDARDS**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).  "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted).

The moving party bears the burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989).  A non-moving party asserting that a fact is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).  The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

3

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted).

## IV.   DISCUSSION

On this record, Defendant has established the absence of any genuine issue of fact. Plaintiff, in responding to Defendant's motion for summary judgment, has not demonstrated a genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Although Plaintiff's factual assertions must be accepted as true "if supported by affidavits or other evidentiary material," *Aman*, 85 F.3d at 1080, Plaintiff did not offer any affidavits or other evidentiary material in opposing summary judgment. Plaintiff cannot rely on her Complaint allegations to stave off summary judgment. *See Tourtellotte v. Eli Lily & Co.*, 636 Fed. App'x 831, 839–40 (3d Cir. 2016) ("If the nonmoving party rests solely on the mere allegations of its pleadings, Rule 56(e) permits the court to 'grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.'") (quoting Fed. R. Civ. P. 56(e)(3)).[2]

---

[2] Although Plaintiff proceeds *pro se*, she is not excused at this stage of the proceedings from meeting the requirements necessary to defeat summary judgment. *See Bello v. Romeo*, 424

To establish negligence under Delaware law, a plaintiff must prove (1) duty, (2) breach, (3) causation, and (4) damages.  *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).  Plaintiff's responsive brief does not cite to any evidence that an employee of Defendant breached a duty that caused her to suffer damages.[3]  As Plaintiff has failed to cite evidence demonstrating a genuine issue of material fact on elements required to establish her negligence claim, Defendant is entitled to judgment as a matter of law.

---

F. App'x 130, 133 (3d Cir. 2011) (per curiam) ("While we have held that '[t]he allegations of a *pro se* litigant are generally held to a 'less stringent standard' than formal pleadings prepared by a lawyer,' *pro se* litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure.") (quoting *United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004)).  The Court notes Plaintiff's assertion in her response to Defendant's motion for summary judgment that Defendant has refused to provide "crucial in-truck video evidence."  (D.I. 48.)  In Defendant's response to Plaintiff's second request for production, however, Defendant stated that no such video exists, (D.I. 21 at ¶ 2), and Plaintiff never moved to compel production of such evidence.

[3] Not only does Plaintiff's responsive brief fail to cite to any evidence of breach of any duty by anyone employed by Defendant, the Court observes that Plaintiff filed a sworn "Declaration" in her (separate) case against Defendant in which she alleged that her employer intentionally caused her injuries.  Specifically, Plaintiff alleged in that case "under penalty of perjury" that "Defendant [employer] had repeatedly harassed Plaintiff, proposing to pay her $500,000 in return for having a child for him, which Plaintiff refused to do, and as a result, Defendant arranged for Plaintiff to operate the malfunctioning leveler, which was not within her job responsibilities. Therefore, Defendant[ employer's] failure to repair the leveler, resulting in Plaintiff's injury, suggests a suspicion of retaliation." *Wan v. Dong*, No. 23-23, D.I. 28 at 2 (D. Del.).

Although Delaware law recognizes that there may be more than one proximate cause of an injury," *Jones v. Crawford*, 1 A.3d 299, 302 (Del. 2010) (citation omitted), Plaintiff's sworn declaration in her other case very clearly asserts that her employer intentionally caused her injuries by arranging for her operate a malfunctioning leveler.  Plaintiff's allegations here, unsworn and unsupported by any evidence, that Defendant's employee stepped on the plate of the leveler, even if accepted as evidence at this stage, would not be sufficient to create a genuine issue of material fact regarding whether the employee's act of stepping on the plate constituted negligence.

## VI.   <u>**CONCLUSION**</u>

For the above reasons, the Court will grant Defendant's motion for summary judgment,

deny as moot Defendant's requests for discovery and sanctions.[4]

An appropriate Order will be entered.

---

[4] The parties' submissions demonstrate that breakdowns in communications occurred, and that Defendant had options to avoid the bills that arose.