IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LILI WAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1206 (JLH) |
| | ) |
| CENTRAL TRANSPORT LLC, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

At Wilmington, this 2nd day of May, 2025, *pro se* Plaintiff Lili Wan, having moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (D.I. 56), after judgment was entered in Defendant's favor following a March 2024 Memorandum Opinion and Order (D.I. 50, 51), which concluded that Plaintiff failed to offer or cite to any evidence showing that an employee of Defendant breached a duty of care that caused Plaintiff to suffer damages (*see* D.I. 50 at 5-6);

WHEREAS, on September 25, 2024, the U.S. Court of Appeals for the Third Circuit affirmed this Court's March 4, 2024 judgment in favor of Defendant;

WHEREAS, Plaintiff filed the present Rule 60(b) motion on October 7, 2024;

WHEREAS, a Rule 60(b) motion "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), and it must be based on one of five specified grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), or "extraordinary circumstances," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977);

WHEREAS, Plaintiff first argues that relief is warranted because the Court did not warn her, as a *pro se* litigant, of the consequences of failing to properly respond to Defendant's motion for summary judgment (*see* D.I. 56 at 1);

WHEREAS, *pro se* litigants are required to "comply with the procedures outlined in Rule 56" regardless of Court instruction to do so, *Bello v. Romeo*, 424 F. App'x 130, 133 (3d Cir. 2011), and the Court in fact notified Plaintiff of the answering brief/response deadline for Defendant's motion for summary judgment (*see* D.I. 47);

WHEREAS, Plaintiff next argues that relief is warranted under Rule 60(b)(2) because Plaintiff "has obtained a detailed police report and is prepared to present affidavits providing crucial evidence that was not available at the time of the summary judgment ruling" (D.I. 56 at 1);

WHEREAS, Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered . . . through the exercise of reasonable diligence, and (3) would probably have changed the outcome," *Compass Tech., Inc. v. Tseng Lab., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995), and "[a]ny party requesting such relief bears a heavy burden," *id.*;

WHEREAS, review of Plaintiff's newly offered evidence (*see* D.I. 56-2, 56-3, 56-4, 56-5) reveals no evidence of a breach of duty of care by Defendant (apart from Plaintiff's own account of events, which was available prior to summary judgment);[1]

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment (D.I. 56) is **DENIED**.

The Honorable Jennifer L. Hall
United States District Judge

---

[1] For example, Plaintiff submitted a Delaware State Police report dated December 5, 2021, which summarizes the account of events that Plaintiff provided through a family member translating for her. (D.I. 56-2 at 3.) Even if the report itself could not have been obtained prior to the Court's grant summary judgment in March 2024, the report points to no evidence, beyond Plaintiff's account, of a breach of care by Defendant.